1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

5

6

7

8

9

| | |
|---|---|
| Terris R. Jones, Sr., | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:14-cv-1152-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| Las Vegas Valley Water District; Patricia | ) |
| Maxwell; and Frank Milligan, | ) |
| | ) |
| Defendants. | ) |
| | ) |

10

11

12

13

        Pending before the Court is the Motion to Dismiss, (ECF No. 9), filed by Defendant Las Vegas Valley Water District and joined by Defendant Frank Milligan, (ECF No. 37).  *Pro se* Plaintiff Terris R. Jones, Sr. filed a Response, (ECF No. 14), to which Defendants replied, (ECF No. 17).

14

15

        Also before the Court is Defendants' Motion for Contempt Sanctions. (ECF No. 8). Plaintiff filed a Response, (ECF No. 14), to which Defendants replied, (ECF No. 18).

16

## I.    BACKGROUND

17

18

19

20

21

22

23

24

25

        This case centers upon allegations of misconduct by *pro se* Plaintiff Terris Jones against his former employer, Defendant Las Vegas Valley Water District ("LVVWD") and his former coworkers, Defendants Patricia Maxwell and Frank Milligan. (Compl., ECF No. 2).  Plaintiff has a long litigious history with LVVWD and its employees, having filed three prior suits in the District of Nevada, each involving similar claims. *Jones v. Las Vegas Valley Water Dist.*, No. 2:10-CV-1941-JAD-PAL, 2014 WL 1248233 (D. Nev. Mar. 26, 2014); *Jones v. Las Vegas Valley Water Dist.*, No. 2:11-CV-0435-KJD, 2012 WL 2503073 (D. Nev. June 28, 2012) *aff'd*, 548 F. App'x 477 (9th Cir. 2013); *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-0282-KJD, 2012 WL 2859929 (D. Nev. July 11, 2012) *aff'd*, 552 F. App'x 623 (9th Cir. 2013).  In

one of these cases, Plaintiff was deemed a vexatious litigant, and was ordered not to file future Title VII complaints against coworkers in their individual capacities without expressly receiving leave from the Court. *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-0282-KJD, 2012 WL 2859929, at *7 (D. Nev. July 11, 2012) *aff'd*, 552 F. App'x 623 (9th Cir. 2013). Each of these cases resulted in a final judgment in favor of the defendants as to all of Plaintiff's claims.

Though Plaintiff's Complaint is far from a model of clarity, it implies that Plaintiff used to be an employee of LVVWD.[1]  (*See* Compl. 1:27-2:2).  Plaintiff does not specify when his employment began, but he was apparently terminated by LVVWD shortly before filing this case on July 15, 2014.  (*Id.* at 2:1-2).  Without elaborating, Plaintiff alleges that a notice of proposed termination and a subsequent termination letter issued by LVVWD and signed by Defendant Milligan constituted acts of "harassment and/or retaliation." (*Id.* at 4:5-28).  Plaintiff also alleges, without clarification, that LVVWD and Defendant Maxwell "negated their responsibility to Plaintiff." (*Id.* at 4:10-13).  Without discussing each individually, Plaintiff lists nineteen separate claims for relief: "[1] Unlawful Wrongful Notice of Proposal of Termination; [2] Wrongful Termination; [3] Conspiracy; [4] Harassment; [5] Retaliation; [6] Denial of Representation; [7] Intentional Infliction of Emotional Distress; [8] Negligen[ce]; [9] Negligent Breach of Contract; [10] Title VII of the Civil Rights Act of 1964 as Amended; [11] Title VII Section 704(a); [12] Title 11 701.(1) and 702(a); [13] Title 42 U.S.C. 1981(a) and (b); [14] Civil Rights Act of 1991; [15] Title 42 U.S.C. 1983; [16] Title 42 U.S.C. 1985 Section (3); [17] Title 42 U.S.C. 1986; [18] Res Ipsa Loquitur; and [19] Aid[ing] and Abett[ing]." (*Id.* at 1).

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on May 27, 2014. (*Id.* at 2:11-15).  The Complaint states

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1    that Plaintiff filed this Charge based on "discriminatory practices under the laws EEOC

2    enforces also include [sic] constructive discharge or forcing an employee to resign by making

3    the work environment so intolerable a reasonable person would not be able to stay." (*Id.* at

4    2:14-17).  The EEOC issued a right-to-sue letter regarding this Charge of Discrimination on

5    August 1, 2014. (ECF No. 22).

6        Based on the allegations in the Complaint, Plaintiff seeks unspecified amounts in general

7    damages, special damages, punitive damages, and statutory damages, as well as treble damages

8    and exemplary damages in excess of $3,000,000. (Compl. at 6-8).

9        In their Motion to Dismiss, Defendants argue that the Complaint should be dismissed

10   pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dism., ECF No. 9).  Defendants

11   additionally request that Plaintiff be held in contempt for naming Defendants Maxwell and

12   Milligan in this action despite being ordered not to name individual co-workers as defendants

13   to Title VII claims. (Mot. for Contempt Sanctions, ECF No. 8).

14   **II.   LEGAL STANDARD**

15       Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

16   which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

17   555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

18   which it rests, and although a court must take all factual allegations as true, legal conclusions

19   couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

20   12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

21   of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

22   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

23   face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A

24   claim has facial plausibility when the plaintiff pleads factual content that allows the court to

25   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

1    standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

2        If the court grants a motion to dismiss for failure to state a claim, leave to amend should

3    be granted unless it is clear that the deficiencies of the complaint cannot be cured by

4    amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

5    to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

6    the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

7    movant, repeated failure to cure deficiencies by amendments previously allowed, undue

8    prejudice to the opposing party by virtue of allowance of the amendment, futility of the

9    amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

10   **III.   <u>DISCUSSION</u>**

11        *A.   Rule 12(b)(6) Dismissal*

12        Defendants argue that the Complaint should be dismissed because, *inter alia*, Plaintiff's

13   claims are not supported by sufficient factual allegations to meet the standards set forth in *Iqbal*

14   and *Twombly*.  Indeed, though the Complaint indicates that it sets forth nineteen separate legal

15   claims, the supporting factual allegations convey only that Plaintiff was terminated on

16   unspecified grounds that he believes were meritless.  Looking at the Complaint as a whole, it

17   appears that Plaintiff believes that the termination was a result of discrimination and improper

18   retaliation, but the Complaint does not indicate that Plaintiff is part of any particular protected

19   class, or specify the actions that may have prompted Defendants to retaliate.  Therefore, the

20   Court finds it appropriate to dismiss the Complaint without prejudice, and will give leave for

21   Plaintiff to file an Amended Complaint if he so chooses.  If Plaintiff chooses to file an

22   Amended Complaint, he should lay out his claims clearly and distinctly, identifying which of

23   the Defendants each claim is asserted against and detailing the specific conduct giving rise to

24   that particular claim.

25   ///

*B. Contempt Sanctions*

Defendants argue that the Court should hold Plaintiff in contempt for asserting claims arising under Title VII against individual coworkers without leave from the Court, in direct violation of the order issued by Judge Kent Dawson in *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-0282-KJD, 2012 WL 2859929.  The Court finds Defendants' request to be premature, as the Complaint lacks clarity as to which of Plaintiff's claims are asserted against which Defendants.  Reading the Complaint liberally, in light of Plaintiff's *pro se* status, the Court finds that it is highly possible that Plaintiff sought to assert Title VII claims against only LVVWD while asserting other claims against one or both of the individual Defendants. Accordingly, the Motion for Contempt Sanctions will be denied without prejudice.  Defendants Maxwell and Milligan will remain free to re-file this Motion if Plaintiff asserts Title VII claims against them in his Amended Complaint.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 20, 2015** to file an Amended Complaint in this action.  Failure to file by this deadline will result in **dismissal with prejudice**.

**IT IS FURTHER ORDERED** that the Motion for Contempt Sanctions, (ECF No. 8), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Strike, (ECF No. 6), and the Motion for Judgment on the Pleadings, (ECF No. 15), are **DENIED as moot.**

**DATED** this 20th day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court