UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Terris R. Jones, Sr.,                )
                                     )
               Plaintiff,         )   Case No.: 2:14-cv-1152-GMN-NJK
   vs.                               )
                                     )   ORDER
Las Vegas Valley Water District; Patricia )
Maxwell; and Frank Milligan,         )
                                     )
               Defendants.        )
                                     )

Pending before the Court is the Motion to Dismiss filed by Defendants Las Vegas Valley Water District, Patricia Maxwell, and Frank Milligan. (ECF No. 45). *Pro se* Plaintiff Terris R. Jones, Sr. filed a Response, (ECF No. 50), to which Defendants replied, (ECF No. 48).

Also before the Court is Defendants' Motion for Contempt Sanctions. (ECF No. 46). Plaintiff filed a Response, (ECF No. 50), to which Defendants replied, (ECF No. 49).

I.    **BACKGROUND**

This case centers upon *pro se* Plaintiff Terris Jones' allegations of misconduct against his former employer, Defendant Las Vegas Valley Water District ("LVVWD") and his former coworkers, Defendants Patricia Maxwell and Frank Milligan. (Am. Compl., ECF No. 44). Plaintiff has a long and litigious history with LVVWD and its employees, having filed three prior suits in the District of Nevada, each involving similar claims. *Jones v. Las Vegas Valley Water Dist.*, No. 2:10-CV-1941-JAD-PAL, 2014 WL 1248233 (D. Nev. Mar. 26, 2014); *Jones v. Las Vegas Valley Water Dist.*, No. 2:11-CV-0435-KJD-PAL, 2012 WL 2503073 (D. Nev. June 28, 2012) *aff'd*, 548 F. App'x 477 (9th Cir. 2013); *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-0282-KJD-CWH, 2012 WL 2859929 (D. Nev. July 11, 2012) *aff'd*, 552 F. App'x

623 (9th Cir. 2013).  In one of these cases, Plaintiff was deemed a vexatious litigant, and was ordered not to file future Title VII complaints against coworkers in their individual capacities without expressly receiving leave from the Court. *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-0282-KJD-CWH, 2012 WL 2859929, at *7 (D. Nev. July 11, 2012) *aff'd*, 552 F. App'x 623 (9th Cir. 2013).  Each of these cases resulted in a final judgment in favor of the defendants as to all of Plaintiff's claims.

On January 21, 2015, the Court dismissed Plaintiff's Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), but gave leave for Plaintiff to file an Amended Complaint. (Order, ECF No. 43).  At that time, the Court denied a request by Defendants to impose sanctions against Plaintiff for asserting Title VII claims against former coworkers. (*Id.* at 5:1-12).  On January 26, 2015, Plaintiff filed the Amended Complaint, which manifestly bears the same shortcomings as the original.

The Amended Complaint indicates that Plaintiff used to be employed as a security officer by LVVWD.[1] *See* (Am. Compl. 11:4-6).  Plaintiff does not specify when his employment began, but alleges that he was terminated by LVVWD on May 22, 2014. (*Id.* at 8:6-7).  Plaintiff alleges that a notice of proposed termination was issued by his supervisor, Defendant Milligan, with the "intention for Plaintiff to be provoked into hurting himself." (*Id.* at 8:5-13).  Plaintiff also alleges that despite several complaints, Defendant Maxwell "refused to do anything about the ongoing violations by [Defendant Milligan]." (*Id.* at 9:22-27).  Plaintiff also seeks to recover from LVVWD based on the premise that "LVVWD knew or should have known what [its] employees were up to." (*Id.* at 10:17-23).

Without discussing each individually, Plaintiff lists twelve separate claims for relief: (1) Wrongful Unlawful Termination; (2) Conspiracy; (3) Retaliation; (4) Denial of Representation;

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

(5) Intentional Infliction of Emotional Distress; (6) Negligence; (7) Violations of Title VII of the Civil Rights Act of 1964; (8) a claim arising under 42 U.S.C. § 1983; (9) a claim arising under 42 U.S.C. § 1985; (10) a claim arising under 42 U.S.C. § 1986; (11) Res Ipsa Loquitur; and (12) Aiding and Abetting. (*Id.* at 6:1-10). Plaintiff has apparently filed seven charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id*. at 2:17-18). Plaintiff claims that the EEOC issued a right-to-sue letter based on one of these charges on August 1, 2014. (*Id*. at 2:19-21).

Based on the allegations in the Amended Complaint, Plaintiff seeks reinstatement to his position as a security officer and exemplary damages in the amount of $3,000,000, as well as unspecified amounts in general damages, special damages, punitive damages, statutory damages, and treble damages. (Am. Compl. pp. 11-13).

In their Motion to Dismiss, Defendants argue that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dism., ECF No. 45). Defendants additionally request that Plaintiff be held in contempt for naming Defendants Maxwell and Milligan in this action despite being repeatedly ordered not to name individual coworkers as defendants to Title VII claims. (Mot. for Contempt Sanctions, ECF No. 46).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

1  face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A
2  claim has facial plausibility when the plaintiff pleads factual content that allows the court to
3  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This
4  standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

5  If the court grants a motion to dismiss for failure to state a claim, leave to amend should
6  be granted unless it is clear that the deficiencies of the complaint cannot be cured by
7  amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant
8  to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in
9  the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the
10 movant, repeated failure to cure deficiencies by amendments previously allowed, undue
11 prejudice to the opposing party by virtue of allowance of the amendment, futility of the
12 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

13 **III.  DISCUSSION**

14  *A.  Rule 12(b)(6) Dismissal*

15 Defendants argue that the Amended Complaint should be dismissed because, *inter alia*,
16 Plaintiff's claims are not supported by sufficient factual allegations to meet the standards set
17 forth in *Iqbal* and *Twombly*. Indeed, though the Amended Complaint purports to set forth
18 twelve separate legal claims, the supporting factual allegations convey only that Plaintiff was
19 terminated on unspecified grounds that he believes were meritless. Looking at the Amended
20 Complaint as a whole, it appears that Plaintiff believes that the termination was a result of
21 discrimination and improper retaliation, but the Amended Complaint does not set forth factual
22 allegations which would plausibly support such an inference. Therefore, the Court finds it
23 appropriate to dismiss the Amended Complaint. Because the Court is not certain that Plaintiff
24 could not set forth sufficient allegations to raise plausible claims for relief, the dismissal will be
25 without prejudice. If Plaintiff wishes to file a Second Amended Complaint, he must clearly set

forth the factual allegations that give rise to his claims.  The Court admonishes Plaintiff that if his Second Amended Complaint fails to adhere to the standards set forth in *Twombly* and *Iqbal*, his claims may be dismissed with prejudice.

### B.  Contempt Sanctions

Defendants argue that the Court should issue sanctions against Plaintiff for asserting claims arising under Title VII against individual coworkers without leave from the Court, in direct violation of the order issued by Judge Kent Dawson in *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-0282-KJD-CWH, 2012 WL 2859929 (D. Nev. July 11, 2012).  Despite the fact that the Court previously declined to issue sanctions on this basis, (Order 43:1-12, ECF No. 43), Plaintiff has again asserted claims arising under Title VII against Defendants Milligan and Maxwell. (Am. Compl. 5:25-6:12) (Listing Plaintiff's claims, including those arising under Title VII, and stating that all of them are asserted "against Defendants LVVWD, Maxwell, and Milligan.").

Because Defendant was directly ordered by Judge Dawson to cease asserting Title VII claims against his former coworkers, and Plaintiff was again put on notice of the frivolous nature of such claims in the Court's January 21, 2015 Order, the Court now finds the imposition of sanctions to be warranted.  However, as Defendants do not presently request any sanction other than the dismissal of the Amended Complaint, no sanction will be imposed at this time.  Nevertheless, the Court admonishes Plaintiff that any further attempt, without explicit leave from the Court, to assert claims arising under Title VII against Defendant Maxwell, Defendant Milligan, or any other current or former coworker may result in the imposition of monetary sanctions.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 45), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, (ECF No. 44), is

**DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **until April 28, 2015**, to file a Second Amended Complaint in this action. Failure to file by this deadline will result in **DISMISSAL with prejudice**.

**IT IS FURTHER ORDERED** that the Motion for Contempt Sanctions, (ECF No. 46), is **DENIED without prejudice**.

**DATED** this 25th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court