UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Terris R. Jones, Sr., <br><br> Plaintiff, <br> vs. <br><br> Las Vegas Valley Water District; Patricia Maxwell; and Frank Milligan, <br><br> Defendants. | Case No.: 2:14-cv-1152-GMN-NJK <br><br> ORDER |

Pending before the Court is the Motion to Dismiss filed by Defendants Las Vegas Valley Water District, Patricia Maxwell, and Frank Milligan. (ECF No. 55). *Pro se* Plaintiff Terris R. Jones, Sr. filed two Responses, (ECF Nos. 57, 58), to which Defendants replied, (ECF No. 59).

I.  **BACKGROUND**

This case centers upon *pro se* Plaintiff Terris Jones' allegations of misconduct against his former employer, Defendant Las Vegas Valley Water District ("LVVWD") and his former coworkers, Defendants Patricia Maxwell and Frank Milligan. (Am. Compl., ECF No. 44). Plaintiff has a long and litigious history with LVVWD and its employees, having filed three prior suits in the District of Nevada, each involving similar claims. *Jones v. Las Vegas Valley Water Dist.*, No. 2:10-CV-1941-JAD-PAL, 2014 WL 1248233 (D. Nev. Mar. 26, 2014); *Jones v. Las Vegas Valley Water Dist.*, No. 2:11-CV-0435-KJD-PAL, 2012 WL 2503073 (D. Nev. June 28, 2012) *aff'd*, 548 F. App'x 477 (9th Cir. 2013); *Jones v. Las Vegas Valley Water Dist.*, No. 2:12-CV-0282-KJD-CWH, 2012 WL 2859929 (D. Nev. July 11, 2012) *aff'd*, 552 F. App'x 623 (9th Cir. 2013). In one of these cases, Plaintiff was deemed a vexatious litigant, and was ordered not to file future Title VII complaints against coworkers in their individual capacities

1   without expressly receiving leave from the Court. *Jones v. Las Vegas Valley Water Dist.*, No.
2   2:12-CV-0282-KJD-CWH, 2012 WL 2859929, at *7 (D. Nev. July 11, 2012) *aff'd*, 552 F.
3   App'x 623 (9th Cir. 2013).  Each of these cases resulted in a final judgment in favor of the
4   defendants as to all of Plaintiff's claims.
5          On March 25, 2015, the Court dismissed Plaintiff's First Amended Complaint without
6   prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and gave leave for Plaintiff to
7   file a Second Amended Complaint by April 28, 2015. (Dismissal Order, ECF No. 51).  It has
8   now been nearly eight months since the Court dismissed the First Amended Complaint, and
9   Plaintiff still has not filed a Second Amended Complaint nor expressed any intent to do so.
10  Accordingly, Defendants request that the Court dismiss Plaintiff's claims with prejudice.
11  (Defs.' Mot., ECF No. 55).
12       **II.**     **DISCUSSION**
13        In its prior Order, the Court ruled that Plaintiff failed to state a claim upon which relief
14  could be granted. (Dismissal Order 4:17-5:3, ECF No. 51).  Despite the Court's granting leave
15  for Plaintiff to support his Amended Complaint with sufficient factual allegations to establish
16  valid claims for relief, Plaintiff has failed to file a Second Amended Complaint or make any
17  attempt to amend his claims.
18        The Court is at a loss in cases, such as this one, in which a Plaintiff fails to participate in
19  the judicial process and does not pursue his claims or even request an extension.  However, the
20  Court has an obligation to promote justice by allocating judicial resources to cases with
21  ongoing disputes and active parties.
22        Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a
23  party's failure to obey an order of the Court.  The Ninth Circuit has specifically held that this
24  rule may be applied when a plaintiff fails to file an amended complaint pursuant to a court-
25  ordered deadline. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In

determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61 (internal quotations omitted); *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  The Court will consider each of these factors in turn.

### 1. Public Interest

The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  In this case, Plaintiff has not only failed to file a Second Amended Complaint pursuant to the Court's explicit deadline, but has also failed to request an extension.  Therefore, this factor weighs in favor of dismissal.

### 2. The Court's Need to Manage its Docket

The delays caused by Plaintiff's failure to amend his Complaint have already consumed time and resources that the Court could have devoted to other cases.  The Court's resources are best allocated to actions with active parties seeking to resolve their claims under the law.  Thus, this factor also weighs in favor of dismissal.

### 3. Risk of Prejudice to Defendant

The Ninth Circuit recognizes that the risk of prejudice must be considered with reference to "the plaintiff's reason for defaulting." *Pagtalunan*, 291 F.3d at 642.  However in this matter, Plaintiff has not offered any explanation for his failure to comply with the Court's order.

In its prior Order, the Court clearly identified deficiencies in Plaintiff's Complaint that he could attempt to correct in an amended version. (Dismissal Order 4:17-5:3, ECF No. 51).

1  Rather than simply revise his Complaint to correct these deficiencies, Plaintiff has instead
2  responded with vague assertions that the prior dismissal was in error.
3       "Unnecessary delay inherently increases the risk that witnesses' memories will fade and
4  evidence will become stale." *Pagtalunan*, 291 F.3d at 643.  Considering Plaintiff's ongoing
5  failure to file a Second Amended Complaint without offering an explanation, the Court finds
6  that the delay in this matter is unreasonable, and therefore this factor weighs in favor of
7  dismissal.

**4.  Public Policy Favoring Disposition on the Merits**

9       Public policy and the preferences of this Court hold that legal claims should be resolved
10 on their merits whenever possible. This factor weighs against dismissal.

**5.  Availability of Less Drastic Alternatives**

12      In an attempt to avoid dismissal with prejudice, the Court granted Plaintiff thirty-four
13 days in which to file a Second Amended Complaint, but warned that failure to file by this
14 deadline would result in dismissal of his claims with prejudice. (Dismissal Order 6:2-4, ECF
15 No. 55).  Additionally, in time that elapsed since the Court issued its dismissal order, Plaintiff
16 could have requested an extension or otherwise clarified his position with the Court.  Despite
17 the Court's admonishment, Plaintiff has not filed a Second Amended Complaint or taken any
18 other action in this matter.  Therefore the Court has exercised less drastic alternatives without
19 success, and this factor weighs in favor of dismissal.
20      Accordingly, as four of the *Ferdik* factors weigh in favor of dismissal, the Court will
21 dismiss Plaintiff's claims with prejudice.
22 ///
23 ///
24 ///
25 ///

1  **III.   CONCLUSION**

2  **IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 55), is **GRANTED**.

3  **IT IS FURTHER ORDERED** that the claims set forth in Plaintiff's Amended
4  Complaint, (ECF No. 44), are **DISMISSED WITH PREJUDICE**.  The Clerk is instructed to
5  enter judgment accordingly and close the case.

8  **DATED** this __18__ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court